*FILED*

2004 JAN 14  P 12: 30

US DISTRICT COURT
BRIDGEPORT CT

### UNITED STATES DISTRICT COURT
#### for the
### DISTRICT OF CONNECTICUT
#### at HARTFORD

| | |
|---|---|
| RAYMOND PASZKOWSKI | : CIVIL ACTION NO. 3 03 00717 (WWE) |
| Plaintiff | : |
| | : |
| VS. | : |
| | : |
| | : |
| PHILIP KIRPAS, ET AL | : |
| Defendants | : JANUARY 9, 2004 |

## MOTION FOR PERMISSION TO SERVE SECOND SET OF INTERROGATORIES

In accordance with the Federal Rules of Civil Procedure, the local rules and the parties Form 26(f) report, the defendants request permission of the court to serve a second set of interrogatories on the plaintiff in this matter.

The defendants represent that on September 4, 2003, they served on the plaintiff a First Set of Interrogatories limited in number to twenty-five. See Exhibit A, attached hereto and incorporated herein. This complaint arises out of an incident that occurred on November 22, 2000. The plaintiff claims he was violently beaten during a lawful arrest and that his Fourth and Fourteenth Amendment rights were violated. The plaintiff also claims injury including a fractured pelvis from the incident. As a result of the issues involved and the damages alleged, the limitation imposed on the number of interrogatories allowable prevents the defendants from fully addressing by way of interrogatories all of the issues presented in the plaintiff's complaint. The use of interrogatories beyond 25 in number will only serve to narrow the issues in this matter and shorten the time period needed to question plaintiff at his deposition.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                     FACSIMILE (860) 525-4849                     JURIS NO. 24029

Wherefore, the defendants respectfully request that the court grant it permission to serve a second set of interrogatories on the plaintiff not to exceed 25 in number.

DEFENDANTS:

BY _____
PATTY G. SWAN
**Gordon, Muir and Foley, LLP**
Federal Bar No. CT15656

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was sent by certified mailed, postage prepaid, to the following counsel of record on January 9, 2004.

Norman A. Pattis, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

PATTY G. SWAN

## UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF CONNECTICUT
### at HARTFORD

RAYMOND PASZKOWSKI       : CIVIL ACTION NO. 3 03 00717 (WWE)
        Plaintiff             :
                                 :
VS.                               :
                                 :
PHILIP KIRPAS, ET AL          :
        Defendants        : SEPTEMBER 4, 2003

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 26, the Defendants request that the Plaintiff answer the following interrogatories fully, in writing, under oath and to serve written responses upon counsel for the Defendants within the time allowed by law.

1.      Please identify your full name, present address, date of birth and social security number.

**Answer:**


2.      Prior to November 22, 2000, were you familiar with any of the defendants named in this lawsuit and if so, identify the officer(s) you were familiar with and how you were familiar with them.

**Answer:**


EXHIBIT A

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                  FACSIMILE (860) 525-4849                  JURIS No. 24029

3.    Identify each contact you claim was "unreasonable force" as alleged in your complaint and identify the officer making such contact.

**Answer:**

4.    As to the contact identified in Interrogatory No. 3 above, identify what other officer(s) were present when each contact was made.

**Answer:**

5.    Why were you engaged in a high speed pursuit with members of the Stratford police department?

**Answer:**

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

TELEPHONE (860) 525-5361                FACSIMILE (860) 525-4849                JURIS No. 24029

6.      Were you driving while intoxicated on November 22, 2000?

**Answer:**

7.      Identify which defendants you claim went to your home and awaited your arrival.

**Answer:**

8.      As of November 22, 2000, what was your address and who were you living with.

**Answer:**

9.      Based on what facts do you allege that you were known to each of the named defendants?

**Answer:**

10.     During the period of January 1990 to November 2000, were you ever arrested by any member of the Shelton Police Department and if so, list the date of each arrest, the charges, the disposition of those charges and the officer(s) involved in the arrest(s).

**Answer:**

11.     During the period of December 2000 to the present, have you been arrested by any member of the Shelton Police Department and if so, list the date of each arrest, the charges, the disposition of those charges and the officer(s) involved in the arrest(s).

**Answer:**

12.     Identify with specificity the lawsuit referenced in paragraph 13 of your complaint including the case caption, court, docket number, all plaintiffs, all defendants, resolution as to each defendant and resolution date.

**Answer:**

13.     Based on what facts do you allege that each defendant was inspired by actual malice and an intentional desire to cause you harm as a means of retaliating against you for a prior lawsuit?

**Answer:**

14.     Identify each injury you claim you sustained as a result of the "beating" arising from your prior lawsuit against a supervising officer of the department.

**Answer:**

15.     When, where and from whom did you first receive treatment for the injuries identified in Interrogatory No. 14?

**Answer:**

16.     State the name and address of each hospital, physician, therapist or other source of treatment for the conditions or injuries you sustained as a result of the incident identified in Interrogatory No. 14.

**Answer:**


17.     When and from whom did you last receive any medical attention for injuries alleged to have been sustained as a result of the incident identified in Interrogatory No.14?

**Answer:**


18.     On what date were you fully recovered from the injuries or conditions identified in Interrogatory No. 14?

**Answer:**

19.    If you claim in Interrogatory No. 18 that you are not fully recovered, state precisely from what injuries or conditions you are presently suffering.

**Answer:**

20.    Identify each injury you claim you sustained as a result of the November 22, 2000 incident which is the subject of this lawsuit.

**Answer:**

21.    When, where and from whom did you first receive treatment for the injuries identified in Interrogatory No. 20.

**Answer:**

22.     State the name and address of each hospital, physician, therapist or other source of treatment for the conditions or injuries you sustained as a result of the incident identified in Interrogatory No. 20.

**Answer:**

23.     When and from whom did you last receive any medical attention for injuries alleged to have been sustained as a result of the incident identified in Interrogatory No. 20?

**Answer:**

24.     On what date were you fully recovered from the injuries or conditions identified in Interrogatory No. 20.

**Answer:**

25.     If you claim in Interrogatory No. 24 that you are not fully recovered, state precisely from what injuries or conditions you are presently suffering.

**Answer:**

26.     Identify which defendant(s) chased the plaintiff into the dark and secluded area as alleged in your complaint.

**Answer:**

DEFENDANTS:

BY _____
PATTY G. SWAN
**Gordon, Muir and Foley, LLP**
Federal Bar No. CT15656

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

## **PLAINTIFF'S VERIFICATION**

     I, _____, hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.


                                      _____

                                      Raymond Paszkowski


Subscribed and sworn to before me this _____ day of _____, 2003.




                                      _____
                                      Notary Public
                                      My Commission Expires:

## UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF CONNECTICUT
### at HARTFORD

RAYMOND PASZKOWSKI        : CIVIL ACTION NO. 3 03 00717 (WWE)
     Plaintiff              :
                               :
VS.                          :
                               :
PHILIP KIRPAS, ET AL          :
     Defendants          : SEPTEMBER 4, 2003

## DEFENDANTS' FIRST SET OF REQUEST TO PRODUCE TO THE PLAINTIFF

Pursuant to the Federal Rules of Civil Procedure Rule 34 and Local Rule 26, the Defendants hereby request that the Plaintiff provide counsel for the Defendants with copies of the documents described in the following requests for production, or afford counsel for said Defendants the opportunity or, where requested, sufficient written authorization, to inspect, copy, photograph or otherwise reproduce said documents. The production of such documents, copies and written authorizations shall take place at the offices of Gordon, Muir & Foley within 30 days of this request.

1.      An executed medical authorization – See Exhibit A.

2.      Copies of any photographs depicting your injuries or the site of the incident.

3.    A copy of any non-privileged statements given by you concerning this action or its subject matter.

4.    A copy of any non-privileged statements given by anyone else concerning this action or its subject matter.

5.    An itemization of the economic damages you are claiming in this lawsuit.

6.    Copies of any documents you are in possession of that was requested of the defendants but were not disclosed by the defendants in their discovery compliance.

7.    All documents pertaining to any information disclosed in Interrogatory No. 10.

8.    All documents pertaining to any information disclosed in Interrogatory No. 11.

9.    A copy of the complaint, any discovery responses by you, and any and all C.I.R. reports, case/incident reports, internal affairs records, Detective Bureau records, medical records, accident records, wagon records, booking records, cell block records, etc., concerning the plaintiff obtained by you in the prior litigation involving a supervisory officer as alleged in your complaint.

10.    Any and all police records concerning internal disciplinary procedures, regardless of the outcome, which you obtained as to any named defendants in the prior litigation involving a supervisory officer as alleged in your complaint.

11.     Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department pertaining to your prior litigation involving a supervisory officer as alleged in your complaint.

12.     A list of fact witnesses you expect to call at trial including their full name, last known address and brief substance of their testimony.

13.     A list of expert witnesses you expect to call at trial including the experts' full name, address, area of specialty and brief substance of their testimony.

14.     All documentation you rely upon to support your claim for damages in this case.

15.     All documents you intend on introducing into evidence at the trial of this matter in support of your claim that your Fourth and 14th Amendment rights were violated on November 22, 2000.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS No. 24029

DEFENDANTS:

BY _Patty G. Swan_
PATTY G. SWAN
**Gordon, Muir and Foley, LLP**
Federal Bar No. CT15656

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was sent by certified mailed, postage prepaid, to the following counsel of record on September 4, 2003.

Norman A. Pattis, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

_Patty G. Swan_
PATTY G. SWAN

## AUTHORIZATION RELEASE AND REQUEST FOR HOSPITAL AND MEDICAL RECORDS

To: _____    Re:    Name: _____
    _____           Date of Birth: _____
    _____           SS#: _____

Dates of Treatment:_____

You are hereby requested and authorized to disclose, release, make available and furnish to:

**Gordon, Muir and Foley, LLP**
**10 Columbus Boulevard**
**Hartford, CT 06106**
**Phone: 860/525-5361**
**Fax: 860/525-4849**

or their authorized representatives all medical, psychiatric, drug and/or alcohol abuse, HIV information, records, x-rays, reports or copies thereof relating to my examination, consultation, confinement or treatment and to permit them to inspect and make copies or abstracts thereof.

This release also authorizes the disclosure of any and all payment records, billing records, and insurance related information.

I understand that the confidentiality of psychiatric, drug and/or alcohol abuse and HIV records is required and no information from these specific records shall be transmitted to anyone else without written consent or authorization as provided under Connecticut General Statutes, Chapter 899C, Connecticut PA 89-246 and Federal Regulations 42 CFR 2.

The reason for this information is:    Legal Purposes

I voluntarily consent to disclose the above information to those persons/agencies named above. This includes drug/alcohol abuse records, mental health records and/or HIV (AIDS) results.

I understand that with respect to psychiatric information, refusal to grant consent to release information will not jeopardize the patient's right to obtain present or future treatment except where the disclosure is necessary for treatment.

I understand that this consent is subject to revocation at any time except to the extent that action has been taken in reliance thereon.

I understand that the information disclosed under this authorization may be subject to further disclosure by the recipient and thus, may no longer be protected by federal privacy regulations.

I understand that I may inspect or copy the information to be used or disclosed.

A photostat copy of this authorization shall be considered as effective and valid as the original.

**This authorization shall expire 90 days after the date appearing below.**


_____    _____
Date                       Signature of patient or person granting authorization


_____    _____
Date                       Witness

::ODMA\PCDOCS\DOCS\331996\1