FILED

2004 JAN 20  P 12: 30

US [illegible]

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT
at HARTFORD

| | |
|---|---|
| RAYMOND PASZKOWSKI <br> Plaintiff | : CIVIL ACTION NO. 3 03 00717 (WWE) <br> : |
| VS. | : <br> : |
| PHILIP KIRPAS, ET AL <br> Defendants | : <br> : JANUARY 15, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR JUDGMENT**

**I.   FACTS**

By Complaint dated April 21, 2003, the plaintiff instituted this action against four defendants including the moving defendant. The complaint sounds in one count and appears to be a Civil Rights Complaint as it is brought pursuant to 42 USC §1983. The action is brought against Philip Kirpas in his individual capacity. See Complaint, Paragraph 4.

The defendant Philip Kirpas files the present motion for judgment on the pleadings in that the action is void ab initia because Philip Kirpas died prior to June 11, 2001 well before the subject suit was filed.

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361           Facsimile (860) 525-4849           Juris No. 24029

## II. ARGUMENT

### A. RULE 12(c) STANDARD

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Rule 12(c) of the Federal Rules of Civil Procedure. The standard for reviewing a Rule 12(c) motion is identical to the standard for a Rule 12(b)(6) motion for failure to state a claim. *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir.2001). The court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. *Id.* at 126. The case will not be dismissed unless the complaint cannot state any set of facts that would entitle the plaintiff to relief. *Id.* at 126.

In determining the adequacy of a claim ..., consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991) (citation omitted).

### B. JUDICIAL NOTICE

Determining the sufficiency of a plaintiff's claim for Rule 12(c) purposes is not limited to the factual allegations in the complaint but may include consideration of "documents attached to the complaint as exhibits or incorporated in it by reference, to matters of which judicial notice may be taken [under Fed.R.Evid. 201], or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film. Techs. Inc.*, 987 F.2d 142, 150 (2d

Cir.1993); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir.1991); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir.1991). Judicial notice is permitted of a fact "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The Court may thus judicially notice prior pleadings, orders, judgments, and other items appearing in the Court's records of prior litigation that is closely related to the case *sub judice* . . . *See Hackett v. Storey*, 2003 WL 23100328, D.Conn (December 30, 2003)*citing Day*, 955 F.2d at 811; *Liberty Mut. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-1389 (2d Cir.1992); *see also* 1 *Weinstein's Federal Evidence* § 201.12[3] at 201-29 to 201-34, 201-40 (2d ed.2003).

Accordingly, this court may take judicial notice of the death of Philip Kirpas and the fact that the plaintiff through his agent and counsel, Attorney Pattis, was well aware of the passing of Philip Kirpas before the institution of this lawsuit by looking to the complaint in the action entitled *Sekelsky v. Chaffee et al.* filed in the District of Connecticut on September 4, 2001 bearing docket No. 301 CV01701 (AVC). In paragraph 11 of the complaint it is alleged "on the evening of June 11, 2001, members of the Shelton Fire Department were at a social gathering in Shelton after having attended the wake of Phil Kirpas, a fellow firefighter."

    C.    <u>THE DEFENDANT IS ENTITLED TO JUDGMENT ON THE PLEADINGS</u>

"A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly." *O'Leary v. Waterbury Title*

*Co.*, 117 Conn. 39, 47, 166 A. 673 (1933). "[A] dead person is a nonexistent entity and cannot be a party to a suit. Therefore, proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity. Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court." (Internal quotation marks omitted.) *Noble v. Corkin*, 45 Conn. Sup. 330, 333, 717 A.2d 301 (1998), 21 Conn. L. Rptr. 547. See also, *Wickman v. Vecchiarelli*, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 02 0282115 (January 23, 2003, Wiese, J.); *Salamo v. Malave*, Superior Court, judicial district of Windham at Putnam, Docket No. CV 02 0067083 (July 15, 2002, Foley, J.).

Additionally, General Statutes § 52-599, which saves a right of action against the deceased, and permits the plaintiff to substitute the executor or administrator, does not apply to this case. Section 52-599 provides in relevant part that "[a] cause or right of action shall not be lost or destroyed by the death of any person" and that "[a] civil action or proceeding shall not abate by reason of the death of any party thereto ..." "Statutes of this description apply when a party dies after commencement of the action"; *Noble v. Corkin, supra*, 45 Conn. Sup. at 333; rather than prior to the institution of the suit. See, e.g., *Marcejonis v. Torres*, Superior Court, judicial district of Middlesex at Middletown, Docket No. CV 99 0090735 (April 17, 2002, Shapiro, J.); *Jones v. Lawler*, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 99 0174667 (February 14, 2002, Adams, J.) (31 Conn. L. Rptr. 416, 418).

## III.   CONCLUSION

WHEREFORE, the defendant, Philip Kirpas, respectfully requests that judgment enter in his favor on the pleadings.

DEFENDANT:

By_____
PATTY G. SWAN
**Gordon, Muir & Foley, LLP**
Federal Bar No. ct15656

## CERTIFICATION

This is to certify that a copy of the foregoing, together with the attached memorandum of law, was mailed certified mail to the following counsel of record on January 15, 2004.

Norman A. Pattis, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

_____
PATTY G. SWAN