FILED

2004 JAN 26 P 1: 30

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT
at BRIDGEPORT

| | |
|---|---|
| RAYMOND PASZKOWSKI<br>Plaintiff | : CIVIL ACTION NO. 3 03 00717 (WWE)<br>: |
| VS. | :<br>:<br>: |
| PHILIP KIRPAS, ET AL<br>Defendants | :<br>: JANUARY 23, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
### MOTION FOR ORDER COMPELLING DISCOVERY

**I.   NATURE OF THE CASE**

By complaint dated April 21, 2003, the plaintiff instituted this action against four individual defendants. All four defendants were members of the Shelton Police Department at the time of the incident complained of. Each defendant is sued in his individual capacity. The complaint sounds in one count and appears to be a Civil Rights Complaint as it is brought pursuant to 42 USC §1983. The plaintiff alleges that unreasonable force was used in connection with his lawful arrest on or about November 22, 2000. The plaintiff further alleges that the force used was in part for retaliating against him for having turned to the court for vindication of his Constitutional right to be free from unreasonable force in a prior case. The plaintiff claims injuries as a result of the alleged incident.

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361            Facsimile (860) 525-4849            Juris No. 24029

On September 4, 2003, the defendants through counsel served on the plaintiff their First Set of Discovery limited to 25 interrogatories as required by the Rules. On December 12, 2003, the plaintiff through counsel provided his discovery responses. See Exhibit A attached hereto and incorporated herein. No objections were interposed to the discovery questions. Following defense counsel's review of the responses, counsel for the defendants sent a letter to counsel for the plaintiff seeking complete responses to 13 requests. See Exhibit B. Counsel for the plaintiff by way of correspondence dated January 14, 2004, provided what they purport to be complete responses. See Exhibit C. Of the 13 items requesting revision, only 4 items were sufficient. Additionally, a medical authorization was not provided nor was a damage analysis provided.

The defendants now move for an order of the court compelling the plaintiff to fully and adequately respond to the 9 discovery responses proposed to her in the First Set of Discovery.

## II. DISCOVERY SOUGHT/GROUNDS FOR ALLOWANCE

Pursuant to Local Rule 9(d)(3), the defendant identifies as follows the verbatim listing of each of the items of discovery sought, the objection posed by the plaintiff and the reasons the defendant maintains the discovery should be compelled.

**INTERROGATORIES**

10. During the period of January 1990 to November 2000, were you ever arrested by any member of the Shelton Police Department and if so, list the date of each arrest, the charges, the disposition of those charges and the officer(s) involved in the arrest(s).

**INITIAL ANSWER:**

I was arrested by Lt. Hurliman, Officer Fusco, Sgt. Adams, Officer Giordano and Officer Tortora. I won that trial due to the false statements made by the other party.

**REVISED ANSWER:**

Attorney Pattis indicates that apparently the file from the prior lawsuit has been destroyed, and we are therefore unable to refresh the client's memory with documents, or, indeed, provide documents.

**DEFENDANT'S REASON WHY THE DISCOVERY SHOULD BE ALLOWED:**

Rule 26 provides: "[u]nless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

**(1) In General.**

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

**(2) Limitations.**

By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30 . By order or local rule, the court may also limit the number of requests under Rule 36 . The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into

account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

The defendants have requested that the plaintiff identify any and all arrests by the Shelton Police Department between January 1990 and November 2000. As to each arrest it is requested that the date of the arrest be identified, the charges, the disposition of the charges and the officers involved. The information is relevant to the defense of the defendants. The plaintiff's history of arrests, his actions during such arrests are clearly relevant to the actions taken by the defendants. The request falls squarely within Rule 26 of the Rules. Such discovery is directly relevant to the plaintiff's claims and reasonably calculated to lead to the discovery of admissible evidence.

The plaintiff's answer fails to respond to the question answer. Clearly, the plaintiff should be able to recall the number of times he was arrested by the Shelton Police Department. If exact dates cannot be provided, time frames would suffice. If the exact charges are unknown a brief description of what took place leading up to the arrest would suffice. However, his answer fails to answer the question asked.

12.   Identify with specificity the lawsuit referenced in paragraph 13 of your complaint including the case caption, court, docket number, all plaintiffs, all defendants, resolution as to each defendant and resolution date.

**INITIAL ANSWER:**

I do not remember.

**REVISED ANSWER**

**Attorney Pattis indicates that apparently the file from the prior lawsuit has been destroyed, and we are therefore unable to refresh the client's memory with documents, or, indeed, provide documents.**

**DEFENDANT'S REASON WHY THE DISCOVERY SHOULD BE ALLOWED:**

The defendants through counsel have researched this issue independently. The defendants have identified a civil lawsuit entitled Paszkowski et al. v. Fusco, et al. bearing

docket number 95CV2210 assigned to Judge Gerard L. Goettel. The defendants seek confirmation from the plaintiff or independently through his counsel as his agent that this is the lawsuit referenced to in the subject action.

16. State the name and address of each hospital, physician, therapist or other source of treatment for the conditions or injuries you sustained as a result of the incident identified in Interrogatory No. 14.

**INITIAL ANSWER:**

**Griffin Hospital, 130 Division Street, Derby, CT 06418. I was treated by a doctor on Main Street in Bridgeport, but I do not recall his name.**

**REVISED ANSWER:**

**Please see attached medical records.**

**DEFENDANT'S REASON WHY THE DISCOVERY SHOULD BE ALLOWED:**

In addition to the defendants' reasons provided in Interrogatory No. 10 - The plaintiff claims injuries as a result of the subject incident. The defendants are entitled to find out whether the plaintiff had any prior injuries that are similar to the injuries he is claiming from the subject incident. Additionally, the plaintiff by virtue of the allegations in his complaint opens the door to the prior claim against the Shelton Police Department including the injuries he claimed he suffered as a result of that prior incident.

Exhibit D is the packet of prior medical "records" provided by plaintiff's counsel with his January 14, 2004 correspondence. As the court can see the documents produced are not records at all but billing statements. Additionally, the question asked is an interrogatory not a request to produce. Therefore, an answer should be provided outlining all the doctors the plaintiff treated with in connection with his prior claim against the Shelton Police Department. A reference to see the medical records, which aren't records at all, simply does not comply with the rules. The defendants are entitled to full responses verified by the plaintiff so that if necessary they can cross examine him on his disclosures or lack thereof. Furthermore, there is no way of knowing of the billing statements are complete as counsel for the plaintiff has acknowledged that his file was destroyed.

17. When and from whom did you last receive any medical attention for injuries alleged to have been sustained as a result of the incident identified in Interrogatory No.14?

**INITIAL ANSWER:**

**Please see response to Interrogatory No. 16.**

**REVISED ANSWER:**

**Please see attached medical records.**

**DEFENDANT'S REASON WHY THE DISCOVERY SHOULD BE ALLOWED:**

In addition to the reasons provided in Interrogatory Nos. 10 and 16, the question simply fails to answer the question. Interrogatory No. 16 does not give dates. Interrogatory No. 16 identifies two potential treaters. It does not identify who was the last treater the plaintiff treated with in connection with his prior injuries.

23. When and from whom did you last receive any medical attention for injuries alleged to have been sustained as a result of the incident identified in Interrogatory No. 20?

**INITIAL ANSWER:**

Dr. Baumgaertner

**REVISED ANSWER:**

Please see attached medical records.

**DEFENDANT'S REASON WHY THE DISCOVERY SHOULD BE ALLOWED:**

In addition to the defendants' reasons provided in Interrogatory No. 10 - The plaintiff claims injuries as a result of the subject incident. The defendants are entitled to all medical records, bills and the like concerning any injuries the plaintiff is claiming as a result of the subject incident.

Exhibit E is the packet of medical "records" provided by plaintiff's counsel with his January 14, 2004 correspondence. Again, as the court can see the documents produced are not records at all but billing statements. Additionally, the question asked is an interrogatory not a request to produce. Therefore, an answer should be provided outlining the last doctor the plaintiff treated with for his injuries and the date of his last treatment. A reference to see the medical records, which aren't records at all, simply does not comply with the rules. The defendants are entitled to full responses verified by the plaintiff so that if necessary they can cross examine him on his disclosures or lack thereof. Further, there is no way of knowing that the documents produced are complete as they are billing statements only.

**REQUESTS TO PRODUCE**

    1.    An executed medical authorization – See Exhibit A.

**INITIAL ANSWER:**

    **Medical records have been requested by plaintiff's counsel.**

**REVISED ANSWER:**

    **Please see attached medical records.**

**DEFENDANT'S REASON WHY THE DISCOVERY SHOULD BE ALLOWED:**

In addition to the defendants' reasons provided in Interrogatory No. 10 - The plaintiff claims injuries as a result of the subject incident. The defendants are entitled to all medical records, bills and the like concerning any injuries the plaintiff is claiming as a result of the subject incident. In order to preserve this right the defendant should be entitled to a fully executed medical authorization from the plaintiff allowing the defendant to directly obtain the medical records in connection with the subject incident. As evidenced from Exhibit E, the packet of medical "records" provided by plaintiff's counsel with his January 14, 2004 correspondence, there are no medical records provided but simply billing statements. The plaintiff is free to provide his own medical authorization or execute the defendants' authorization.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361　　　　　FACSIMILE (860) 525-4849　　　　　JURIS No. 24029

5. An itemization of the economic damages you are claiming in this lawsuit.

**INITIAL ANSWER:**

**Damages cannot be itemized at this time.**

**REVISED ANSWER:**

**Please see attached medical records.**

**DEFENDANT'S REASON WHY THE DISCOVERY SHOULD BE ALLOWED:**

In addition to the defendants' reasons provided in Interrogatory No. 10 - The plaintiff's reference to medical records for his itemization of damages fails to comply with the rules.

In addition, the 26f report prepared by counsel and approved by this court mandate that the plaintiff was to provide the defendants with a damage analysis on or before December 1, 2003. Therefore, the plaintiff has failed to comply with the scheduling order imposed by this court. To say that damages cannot be itemized at this time is simply unacceptable.

14. All documentation you rely upon to support your claim for damages in this case.

**ANSWER:**

**Forthcoming.**

**DEFENDANT'S REASON WHY THE DISCOVERY SHOULD BE ALLOWED:**

The 26f report prepared by counsel and approved by this court mandate that the plaintiff was to provide the defendants with a damage analysis on or before December 1, 2003. The plaintiff has failed to provide a damage analysis before this date and thus, has failed to comply with the scheduling order imposed by this court. The defendants are entitled to all documentation in support of the plaintiff's claim for damages whatever they may be. The plaintiff has the burden of producing the documents in a timely manner. Failure to do so has and continues to prejudice the defendant in light of the continuation of the scheduling orders.

### III. CONCLUSION

For the foregoing reasons, the defendants respectfully request that the court compel the plaintiff to respond fully to each of the 9 discovery responses outlined in their discovery with full and complete answers and the production of certain documentation.

Further, the defendant leaves to the court's discretion the determination whether the plaintiff's position is warranted and the imposition of sanctions if such position in the discretion of the court is not warranted as mandated by Local Rule 9(d)(4). However, counsel would request that attorney's fees be awarded to the defendants' counsel for the preparation and drafting of this motion should the court find the defendants' position justified.

DEFENDANTS:

By: _____
Patty G. Swan
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT 06016
(860) 525-5361
Federal Bar No. ct15656