UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
At Bridgeport

| | |
|---|---|
| RAYMOND PASZKOWSKI,<br>Plaintiff | :<br>:<br>: |
| VS. | :    CIVIL NO.3:03CV00717(WWE) |
| PHILIP KIRPAS,<br>WILLIAM KESBARIAN,<br>RYAN O'CONNEL AND<br>EDWARD DOBBINS<br>Defendants | :<br>:<br>:<br>:<br>: |

## DEFENDANTS' TRIAL MEMORANDUM

1. **Brief Summary of the Case**

The plaintiff's complaint is comprised of one count alleging that his civil rights have been violated pursuant to the Fourth and Fourteenth Amendments. The action is brought pursuant to 42 USC §1983. The plaintiff claims that during the course of his arrest (which arrest he does not dispute was lawful) the officers exerted unreasonable force against him to make the arrest. As a result the plaintiff claims injuries. The defendants deny the allegations of the plaintiff's complaint.

2. **Proposed Voir Dire Questions**

See Appendix A

3. **List of Witnesses**

In addition to those witnesses and testimony identified by the plaintiff, the defendants propose the following additional witnesses:

    Raymond Paszkowski, plaintiff

    William Kesbarian, defendant

Ryan O'Connel, defendant

Edward Dobbins, defendant

Keeper of Records, Shelton Police Department

Keeper of Records, Stratford Police Department

Officer William Serrano, Shelton Police Department

Jeanne Kuslis, M.D.

Dr. Joel Milzoff

Dr. David B. Kalayjian

Officer Lucas, Stratford Police Department

Officer Brideau, Stratford Police Department

Sergeant Joseph J. Kudrak, Shelton Police Department

Sergeant Jolin Youd, Shelton Police Department

Randy Griffin

Representative from Holzner Electric

Representative from Tarala Electric

Representative from Dave Verrilli Electric

Representative from County Electric Construction Inc.

4.   **List of Exhibits**

In addition to those exhibits identified by the plaintiff, the defendants propose the following additional exhibits:

A. Deposition Transcript of Plaintiff, Raymond Pazkowski

B. Griffin Hospital Medical Records dated November 22, 2000 including laboratory results

C. Plaintiff's Interrogatory Responses including all supplements

D. Documents produced by plaintiff in response to Requests to Produce and all supplements

E. Defendants' interrogatory responses including supplements

F. Documents produced by defendants in response to Requests to Produce and all supplements

G. Certified Copy of plaintiff's felony convictions

H. Photograph of Sergeant Philip Kirpas

I. Medical Claim/Records for Sergeant Philip Kirpas dated 11/22/00

J. Worker's Compensation Voluntary Award to Edward J. Dobbins showing permanent partial injuries to neck and back

K. Shelton Police Case/Incident Report for 11/22/00 incident involving plaintiff

L. Shelton Police Narration Report dated 11/22/00 by Officer Edward Dobbins

M. Shelton Police Criminal Charges against plaintiff dated 11/22/00

N. Shelton Police Narration Report dated 11/23/00 by Officer William Serrano

O. Shelton Police Case/Incident Report dated 12/18/00 by Detective Peter Zaksewicz

P. Stratford Police Department Incident Report dated 11/22/00 by Officer Lucas

    Q. Stratford Police Department Incident Report Narrative Supplement dated 12/1/00

    R. Shelton Police Department Property Inventory Form dated 11/22/00

    S. Shelton Police Department Possessed Property Receipt dated 11/23/00

    T. Notice of Rights dated 11/23/00

    U. Shelton Police Department Case/Incident Report dated 12/6/00

    V. 24 photographs of the area where plaintiff apprehended

    W. Arrest Warrant Application dated 12/13/00

    X. Plaintiff's Application for Employment, CECI dated 8/5/03

    Y. Ambulance Run Sheet dated 11/22/00

**5.**    **Deposition testimony**

The defendants anticipate introducing the videotaped deposition testimony of defense expert Dr. David B. Kalayjian.

**6.**    **Proposed Jury Instructions and Interrogatories for Special Verdict Forms (With Wordperfect 10 disc)**

    See Appendix B

DEFENDANTS,

By: _____
MICHAEL CONROY
**Gordon, Muir and Foley, LLP**
10 Columbus Boulevard
Hartford, CT 06106
(860) 525-5361
Federal Bar No. CT22254

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the following counsel of record on August 22, 2005

Norman A. Pattis, Esquire
Law Offices of Norman Pattis, Esq.
649 Amity Road
P.O. Box 280
Bethany, CT  06524

MICHAEL CONROY

**APPENDIX A**

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS NO. 24029

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
At Bridgeport

RAYMOND PASZKOWSKI, :
   Plaintiff :
 :
VS. : CIVIL NO.3:03CV00717(WWE)
 :
PHILIP KIRPAS, :
WILLIAM KESBARIAN, :
RYAN O'CONNEL AND :
EDWARD DOBBINS :
   Defendants :

### DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

The defendant proposes that the following questions be asked by the Court of the prospective jurors on the panel during voir dire:

1. Are you, or are any friends or family members associated with any police department?

2. Have you or any family members or friends, brought any complaints to the Connecticut Commission on Human Rights and Opportunities?

3. Have you or any family members or friends, been involved in a lawsuit?

4. If the answer is yes, was the lawsuit resolved to your satisfaction?

5. Have you or any family members or friends, brought a complaint or initiated an administrative action arising out of an employment situation?

6. If the answer is yes, was the issue resolved, in your opinion, in a satisfactory manner?

7. This case involves allegations of unfair treatment in an employment situation involving police officers. Is there something about a claim of that sort that would make you feel you could not sit as a juror?

8. Have you or any family members or friends, been employed by a municipality?

9. Have you or any family members or friends, been employed by a police department?

10. This case involves testimony of police officers. Would you give more or less credibility to police officers when they testify?

11. Would you give more or less credibility to a female testifying as a Plaintiff, as opposed to superior police officers, when they testify?

12. Do you believe that people who bring lawsuits should necessarily be awarded money just for bringing the lawsuit?

13. Have you or any family members or friends, ever been involved in any way with the Borough of Naugatuck, or the Naugatuck Police Department?

**APPENDIX B**

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361        Facsimile (860) 525-4849        Juris No. 24029

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
At Bridgeport

RAYMOND PASZKOWSKI,
    Plaintiff

VS.                                   CIVIL NO.3:03CV00717(WWE)

PHILIP KIRPAS,
WILLIAM KESBARIAN,
RYAN O'CONNEL AND
EDWARD DOBBINS
    Defendants

**DEFENDANTS' PROPOSED REQUESTS TO CHARGE**

Pursuant to the order of this court (Eginton, J.), the defendants hereby submit their proposed written requests to charge the jury.

## **INFERENCES**

You may draw inferences from all the facts you find, provided the facts are fairly established in the evidence. Unless a fact is so established, however, the inference would be drawn upon a false basis and would not be legitimate. You may have to depend somewhat upon inferences from facts which you will find. The inference that you draw, however, must not be from a guess upon the evidence or surmise upon the evidence. To be justified in drawing an inference from facts which are established, the inference must be a logical and reasonable one, well founded upon the facts which have been proved in the trial of the case by the evidence.

WRIGHT, **Connecticut Jury Instructions,** Section 14.

## **WEIGHING EVIDENCE**

A juror should use all his experience, his knowledge of human nature, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case in accordance with such knowledge and render his verdict accordingly. A juror who did not do this would be remiss in his duty.

WRIGHT, **Connecticut Jury Instructions,** Section 15.

**Howe v. Raymond,** 74 Conn. 72 (1901)

## VERDICT TO BE BASED SOLELY
## ON THE EVIDENCE

Your verdict must be based absolutely and solely upon the evidence here given you on the trial of the case. You should not be swayed or influenced by any sympathy or prejudice for or against any of the parties. You should not be influenced by any claims or comments of counsel which are not warranted by the evidence, but should decide the case upon the evidence presented before you at this trial with due regard to the law as stated by the Court, as applied to the facts which you find to be established by the evidence.

WRIGHT, **Connecticut Jury Instructions,** Section 312.

## MITIGATION OF DAMAGES

The Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages." The Defendants must prove by a preponderance of the evidence that the plaintiff failed to mitigate her damages for loss of compensation.

The defendant contends that the plaintiff failed to mitigate her damages, if any. A plaintiff has duty to mitigate damages by using reasonable care and diligence in seeking suitable alternative employment. A plaintiff need not go into another line of work, accept a demotion or take a demeaning position but must use reasonable care and diligence in seeking a job substantially equivalent to the one that was lost. You heard testimony that after the plaintiff left the Naugatuck Police Department she immediately began working for the Middlebury Police Department.

**Dailey v. Societe Generale**, 108 F.3d 451, 458 n. 1 (2d Cir.1997).

The plaintiff also testified that she voluntarily resigned her position with the Middlebury Police Department to be at home with her children.     If you determine the plaintiff is entitled to lost compensation, you must reduce the loss by:

1) What the plaintiff earned and

2) what the plaintiff could have earned by reasonable effort during the period from her last day of employment with the defendant until the date of trial; and

3) You must not compensate the plaintiff for any portion of her loss of compensation following her voluntarily resigning from such a position to be at home with her family.

Brady v. Thurston Motor Lines, Inc., 753 F.2d 1296 (4th Cir. 1985) citing NLRB v. Mastro Plastics Corp., 354 F.2d 170, 174, n.3 (2nd Cir. 1965).

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

To prove intentional infliction of emotional distress, the plaintiff must prove four things: first, the defendant intended to inflict emotional distress or that the defendant knew or should have known that emotional distress was likely to result from the defendant's conduct; second, the defendant's conduct was extreme and outrageous; third, the defendant's conduct was the cause of the plaintiff's emotional distress; and finally, the emotional distress sustained by the plaintiff was severe.

`Extreme and outrageous conduct' is defined as conduct that is heartless, flagrant and beyond all bounds usually tolerated by decent society. It is not enough for the plaintiff to prove that Chief Dennis Clisham and Deputy Chief Hunt subjected her to indignities, annoyances or petty oppressions, nor is it sufficient for the plaintiff to demonstrate that the defendants behavior resulted in hurt feelings. The plaintiff can only prevail on this claim if she can prove that the individual defendants engaged in conduct that was so outrageous in character and so extreme in degree as to exceed all possible bounds of decency and be considered atrocious and utterly intolerable in a civilized community.

Even if the plaintiff is able to demonstrate that the individual defendants engaged in extreme and outrageous conduct, she still must establish that she suffered severe emotional distress. Severe emotional distress, for the purposes of this instruction, means emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it. The intensity and duration of the alleged distress and whether plaintiff required medical treatment are factors which you should consider in determining whether the plaintiff has proved that she suffered severe emotional distress.

**Preston v. Phelps Dodge Copper Products Co.**, 35 Conn. App. 850, 866 (1994)

## CALCULATION OF DAMAGES
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

Intentional infliction of emotional distress is considered a tort claim. If an employer commits a tort, an employee is able to recover damages for any emotional distress She may have suffered. You may award damages in an amount which will reasonably compensate the plaintiff for any loss or harm She has suffered, provided that you find proven by the preponderance of the evidence that such loss or harm was suffered by her and was proximately caused by the defendant's actions.

**Preston v. Phelps Dodge Copper Products Co.**, 35 Conn. App. 850, 866 (1994)

The fundamental rule and principle as to damages is that the amount awarded should be just, fair and reasonable compensation.

You must not speculate or guess as to damages. You must bear in mind at all times that the burden is on a plaintiff to prove that any claimed element of damage was a proximate consequence or result of the incident complained, as well as to prove the reasonable amount of her damages with respect to any such element.

WRIGHT, **Connecticut Jury Instructions,** Section 226.

### SPECIAL DEFENSE OF CONDITIONAL OR QUALIFIED PRIVILEGE.

The individual defendants in their special defense claim a conditional or qualified immunity by virtue of being public officials performing their duties as employees of the Borough of Naugatuck. Under this doctrine a public employee is not liable if he acts reasonably and diligently in performing the duties of his employment. However, the public employee loses or abuses his immunity or privilege if he acts with malice, improper motive, or bad faith. Also, the courts have said that he also loses such immunity if he acts excessively.

Having made this claim of immunity or privilege, in their special defense, the individual defendants have the burden of proof, by a fair preponderance of the evidence, to persuade you that they are entitled to such immunity.

Wright, FitzGerald and Ankerman, **Connecticut Law of Torts** (3rd Ed.) § 157.

## **PUNITIVE DAMAGES**

The Civil Rights Act allows the plaintiff to recover punitive damages against the defendants if she demonstrates that the defendants engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of an individual. You may, but are not required to, award punitive damages if you find that the defendants engaged in intentional and malicious conduct that demonstrates an indifference to the plaintiff's federally protected rights. You may, but are not required to, award the plaintiff punitive damages if you find it appropriate to punish the defendants or to deter defendants and others from like conduct in the further, Whether to award plaintiff punitive damages, and the amount of those damages, are within your discretion.

42 U.S.C. §1981a(b)(1)

**Kolstad v. American Dental Association**, 527 U.S. 526, 119 S.Ct. 2118, 2125, 144 L.Ed. 2d 494 (1999).