UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
At Bridgeport

| | |
|---|---|
| RAYMOND PASZKOWSKI,<br>　　　　　Plaintiff | CIVIL NO.: 3:03CV00717 (WWE) |
| VS. | |
| PHILIP KIRPAS,<br>WILLIAM KESBARIAN,<br>RYAN O'CONNEL and<br>EDWARD DOBBINS,<br>　　　　　Defendants | NOVEMBER 28, 2005 |

### MOTION IN LIMINE

The Defendants, Philip Kirpas, William Kesbarian, Ryan O'Connel and Edward Dobbins, hereby submit this Motion in Limine and seek to preclude the admission of any evidence relating to the prior lawsuit that the Plaintiff brought against the Shelton Police Department. In support of this Motion, the Defendants submit that evidence of the prior lawsuit is irrelevant, immaterial and would be more prejudicial than probative. As such, the Defendants respectfully request that the court grant their Motion in Limine.

I. **FACTS**

The Plaintiff, Raymond Paszkowski, filed a Complaint against the Defendants dated April 21, 2003, in which he sets forth a 42 U.S.C. § 1983 claim for excessive force. The claim arises out of his arrest by the named Defendants on November 23, 2000. The Plaintiff alleges that during the arrest, the Defendants repeatedly struck him causing him to suffer certain injuries including a fractured pelvis.

In the Complaint, the Plaintiff alleges that he was known to the Defendants because he had been previously arrested and had prevailed in an unreasonable force claim against a police officer from the Shelton Police Department. See Complaint, ¶ 13. The Plaintiff further alleges that "[e]ach of the defendants in this case was inspired by actual malice and an intentional desire to cause the plaintiff pain and physical injury in part as a means of retaliating against him for having turned to this Court for vindication of his Constitutional right to be free from unreasonable force in a prior case." See Complaint, ¶ 14.

In response, the Defendants filed an Answer and Special Defenses in which they deny the allegations in paragraphs thirteen and fourteen. Additionally, they assert by way of Special Defenses that they did not violate a clearly established

2

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS NO. 24029

Constitutional right which a reasonable person would have known and that they acted objectively reasonably in the circumstances.

## II. LAW AND ARGUMENT

### A. Evidence of the Plaintiff's prior lawsuit is irrelevant and immaterial to the present claim of excessive force.

The Defendants submit that evidence of the Plaintiff's prior lawsuit against the Shelton Police Department is irrelevant and immaterial to the present claim of excessive force.

It is well established that a police officer's motive is irrelevant in an excessive force claim. "An excessive force claim arising in the context of an arrest or investigatory stop of a free citizen is analyzed under the reasonableness rubric of the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation. Id. at 396-397, 109 S.Ct. 1865. Underlying intent or motive are not relevant to the inquiry; rather, the question is whether the officers' actions are 'objectively reasonable' in light of the facts and

3

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

circumstances confronting them. Id. at 397, 109 S.Ct. 1865." (Internal quotation marks omitted.) Ortiz v. Santora, 223 F.Sup.2d 387, 394 (D.Conn. 2002).

In the present matter, the Plaintiff's only claim against the Defendants is a claim of excessive force. Specifically, the Plaintiff alleges that the Defendants were motivated to use excessive force against him because they had actual malice against him due to his successful prior lawsuit against a police officer from the same police department. As the United States Supreme Court held in Graham, evidence of motive or intent is irrelevant to a claim of excessive force, which is analyzed under an objectively reasonable standard. Therefore, any evidence relating to the prior lawsuit as motive for the Defendants alleged actions is irrelevant and immaterial. As stated in Federal Rule of Evidence 402, "evidence which is not relevant is not admissible." F.R.E. 402. Thus, pursuant to Federal Rule of Evidence 402, evidence of the prior lawsuit is inadmissible.

Additionally, the Defendants further submit that evidence of the prior lawsuit is irrelevant because it did not involve any of the same defendants. Moreover, only one (1) of the Defendants, Officer Dobbins, was a member of the Shelton Police Department when the prior lawsuit occurred. Officer Dobbins would testify that at the time of the arrest on November 23, 2000, he did not know that the Plaintiff was

4

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361        FACSIMILE (860) 525-4849        JURIS No. 24029

the same person who had brought the prior lawsuit. Therefore, the evidence is irrelevant to the Defendants' alleged use of excessive force and should be excluded.

### B. Evidence of the Plaintiff's prior lawsuit is more prejudicial than probative.

Alternatively, the Defendants submit that evidence relating to the Plaintiff's prior lawsuit is more prejudicial than probative and therefore should be excluded. Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. F.R.E. 403.

In this instance, the Plaintiff alleges that the Defendants acted with malice when they used excessive force against him and that this malice was due to the Plaintiff's success in a prior claim for excessive force against a police officer in the same department. Evidence of the prior lawsuit and the Plaintiff's success in said lawsuit would be more prejudicial than probative because it would allow the jury to hear evidence about the Defendants alleged motive. As stated previously, the Plaintiff's theory that the Defendants acted with malice has no merit because motive is irrelevant in a claim for excessive force. Additionally, as stated previously, only Officer Dobbins was a member of the police department at the time of the prior

lawsuit and did not recall that the Plaintiff was the same person from the previous lawsuit when he was arrested on November 23, 2000. Moreover, evidence regarding the prior lawsuit may confuse the issues between the present lawsuit and the prior lawsuit. Such evidence has the potential to mislead the jury. As such, the Defendants submit that evidence of the prior lawsuit should be excluded.

## III. CONCLUSION

Based on the foregoing reasons, the Defendants, Philip Kirpas, William Kesbarian, Ryan O'Connel and Edward Dobbins, respectfully request that the court preclude any and all evidence regarding plaintiff's prior lawsuit against the Shelton Police Department.

DEFENDANTS:

By: _____
Michael C. Conroy
**Gordon, Muir and Foley, LLP**
10 Columbus Boulevard
Hartford, CT 06106
(860) 525-5361
Federal Bar No. CT22254

6

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS No. 24029

# CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the following counsel of record on November 28, 2005

Norman A. Pattis, Esquire
Law Offices of Norman Pattis, Esq.
649 Amity Road
P.O. Box 280
Bethany, CT  06524

_____
Michael C. Conroy

**ORDER**

The foregoing Motion having been heard this ____ day of _____, 2005, it is hereby ordered

**GRANTED / DENIED**

                      BY THE COURT

                      _____

                      Judge/Clerk

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361   FACSIMILE (860) 525-4849   JURIS No. 24029