UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
At Bridgeport

| | |
|---|---|
| RAYMOND PASZKOWSKI,<br>　　　　　Plaintiff | CIVIL NO.: 3:03CV00717 (WWE) |
| VS. | |
| PHILIP KIRPAS,<br>WILLIAM KESBARIAN,<br>RYAN O'CONNEL and<br>EDWARD DOBBINS,<br>　　　　　Defendants | NOVEMBER 28, 2005 |

### DEFENDANTS' AMENDED PROPOSED JURY CHARGES

**Excessive Force**

Federal law provides that plaintiff may recover damages if the Police Officers, acting under color of law, deprived him of a right guaranteed by the Constitution. The right at stake here is the right to be free from the use of excessive force. The parties have agreed that the Police Officers acted "under color" of law. The only issue for you,

*1*

therefore, is the issue of excessive force. The parties also have agreed that the arrest was lawful.

(1) Definition of Excessive Force

Every person has the constitutional right not to be subjected to unreasonable or excessive force by a law enforcement officer. On the other hand, in apprehending a suspect and making an arrest, an officer has the right to use such force as a reasonable officer would believe is necessary under the circumstances to apprehend the suspect and make the arrest. Whether or not the force used was unnecessary, unreasonable or excessively violent is an issue for you to decide on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied under the same circumstances disclosed in this case. The test of reasonableness requires careful attention to the facts and circumstances including, but not limited to, the severity of the crime the officer was investigating or crime for which the arrest was made, etc; whether plaintiff posed an immediate threat to the safety of the officer or others; whether he was actively resisting the arrest or fleeing; and the severity of any injury to him.

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the standard of reasonableness at that moment applies. Not every push or shove, even if it may later seem unnecessary, violates the Constitution. The determination of reasonableness must allow for the fact that police

officers are often forced to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving—about the amount of force that is necessary in a particular situation.

The "reasonableness" inquiry is an objective one. The question is whether an officer's actions are "objectively reasonable" in light of all the facts and circumstances confronting him, without regard to his underlying intent or motivation. Evil intentions will not make a constitutional violation out of an objectively reasonable use of force; and good intentions will not make an unreasonable use of force proper.

(2) Elements of the Plaintiff's Claim

In order to prove his claim of unconstitutionally excessive force, plaintiff must prove by a preponderance of the evidence the following:

That the Police Officers intentionally, rather than negligently, used unconstitutionally excessive force as I have defined it. However, it is not necessary to find that the Police Officers had any specific purpose or desire to deprive plaintiff of his constitutional rights in order to find in favor of plaintiff. Plaintiff must prove only that the action was deliberate, not that the consequence was intended. Mere negligence, however, is not sufficient. Plaintiff is entitled to relief if the Police Officers intentionally acted in a manner that resulted in a violation of [plaintiff]'s constitutional rights.

Excessive Force—Compensatory Damages

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

If you find that the Police Officers used excessive force against plaintiff, and thereby caused damages to him, you will then assess an amount you find to be justified by a preponderance of the evidence as fair, just and reasonable compensation for all plaintiff's damages caused by that conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Police Officers. You may award only such damages as you find by a preponderance of the evidence were caused by unconstitutionally excessive force as I have defined it. It is not necessary for plaintiff to prove the amount of his damages with certainty. On the other hand, plaintiff is not to be awarded purely speculative damages. {If you should award damages, they will not be subject to federal or state income taxes, and you should therefore not consider such taxes in determining the amount of damages.}

Plaintiff has the duty to mitigate his damages—that is, to take reasonable steps that would reduce the damages. If he fails to do so, then he is not entitled to recover any damages that he could reasonably have avoided incurring. The Police Officers has the burden of proving by a preponderance of the evidence that plaintiff failed to take such reasonable steps.}

If you find that plaintiff is entitled to damages for losses that will occur in the future, you will have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time since a lump sum today, such as any

4

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                    FACSIMILE (860) 525-4849                    JURIS No. 24029

amount you might award in your verdict, can be invested and earn interest in the years ahead.

You have heard testimony concerning the likelihood of future inflation and what rate of interest any lump sum could return. In determining the present lump sum value of any future earnings you conclude [plaintiff] has lost or future damages [plaintiff] will suffer, you should consider only a rate of interest based on the best and safest investments, not the general stock market, and you may set off against it a reasonable rate of inflation.

The elements of damages that you may consider are as follows:

    1. Reasonable medical expenses incurred by plaintiff in securing treatment for injuries caused by The Police Officers' conduct.

    2. An amount for any pain and suffering, emotional distress and humiliation that you find from the evidence plaintiff endured or will endure as a result of the excessive force. Even though it is obviously difficult to establish a standard of measurement for this element, that difficulty is not grounds for denying recovery. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view but from a fair and impartial point of view of the amount of pain and suffering, emotional distress and humiliation that plaintiff incurred or will incur as a result of the excessive force and you must place a money value on this, attempting to come to a conclusion that will be fair and just to the parties. This will be difficult for you to measure in terms of

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

dollars and cents, but there is no other rule I can give you for assessing this element of damages.

    3. If you find that plaintiff has proven by a preponderance of the evidence that the Police Officers violated his constitutional rights but that he has not proven any actual injury caused by the violation, you must nevertheless award plaintiff nominal or token damages such as One Dollar ($1) or some other minimal amount. This is so because the law recognizes that the denial of constitutional rights is itself an injury that should be recognized without regard to whether actual damages have been proven.

Excessive Force—Punitive Damages

If you have awarded compensatory or nominal damages, you may also award punitive damages to plaintiff under some circumstances. To obtain punitive damages, must prove by a preponderance of the evidence that the Police Officers either knew that his actions violated federal law or acted in reckless or callous indifference to that risk. If plaintiff satisfies this requirement, it is entirely up to you whether or not to award punitive damages. But it should be presumed that plaintiff has been made whole by compensatory damages, so you should award punitive damages only if the Police Officers' culpability is so reprehensible as to warrant further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the amount to be awarded is also within your sound discretion. The purpose of a punitive damage award is to punish a The Police

*6*

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361    FACSIMILE (860) 525-4849    JURIS No. 24029

Officers or deter a The Police Officers and others from similar conduct in the future. Factors you may consider include, but are not limited to, the nature of the Police Officers' conduct (how reprehensible or blameworthy was it), the impact of that conduct on plaintiff] the ratio between the actual compensatory damages and the punitive damages, the relationship between plaintiff and the Police Officers, the likelihood that the Police Officers or others would repeat the conduct if the punitive award is not made, and any other circumstances shown by the evidence, including any mitigating or extenuating circumstances that bear on the question of the size of such an award. You may determine reprehensibility by considering the nature and extent of the harm; whether the conduct showed indifference to or disregard for the health or safety of others; whether the conduct involved repeated actions or was an isolated instance; and whether the harm was the result of intentional malice.

<u>First Circuit Draft Pattern Jury Instructions</u>, 6/14/02 (As updated 12/1/05) (Citations omitted).

DEFENDANTS:

By: *[signature]*
Michael C. Conroy
**Gordon, Muir and Foley, LLP**
10 Columbus Boulevard
Hartford, CT 06106
(860) 525-5361
Federal Bar No. CT22254

# CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile to the following counsel of record on December 9, 2005

Norman A. Pattis, Esquire **(via fax: 203-393-9745)**
Law Offices of Norman Pattis, Esq.
649 Amity Road
P.O. Box 280
Bethany, CT  06524

_____
Michael C. Conroy

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361     FACSIMILE (860) 525-4849     JURIS No. 24029