FILED

2005 DEC 21  P 3: 42

U.S. DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
At Bridgeport

| | |
|---|---|
| RAYMOND PASZKOWSKI,<br>Plaintiff<br><br>VS.<br><br>PHILIP KIRPAS,<br>WILLIAM KASBARIAN,<br>RYAN O'CONNELL and<br>EDWARD DOBBINS,<br>Defendants | CIVIL NO.: 3:03CV00717 (WWE)<br><br><br><br>DECEMBER 13, 2005 |

## MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ELIZABETH PUGLISI

**I.   INTRODUCTION**

The Defendants, William Kesbarian, Ryan O'Connel and Edward Dobbins, hereby submit this Motion in Limine To Preclude, seeking to preclude the testimony of Elizabeth Puglisi. In support of this Motion, the Defendants submit that the testimony of Elizabeth Puglisi should be precluded because the Plaintiff failed to disclose her as a witness in his Pre-Trial Memorandum and did not disclose her as a witness until the day of jury selection on December 12, 2005. Trial in this matter is scheduled to begin on December 14, 2005. As such, the Defendants respectfully request that the court grant their Motion to Preclude.

I.   **FACTS**

The Plaintiff, Raymond Paszkowski, filed a Complaint against the Defendants dated April 21, 2003, in which he sets forth a 42 U.S.C. § 1983 claim for excessive force. The claim arises out of his arrest by the named Defendants on November 23, 2000. The Plaintiff alleges that during the arrest, the Defendants repeatedly struck him causing him to suffer certain injuries including a fractured pelvis.

In response, the Defendants filed an Answer and Special Defenses in which they deny the allegations in paragraphs thirteen and fourteen. Additionally, they assert by way of Special Defenses that they did not violate a clearly established Constitutional right which a reasonable person would have known and that they acted objectively reasonably in the circumstances.

Jury selection in this matter was completed on December 12, 2005. At jury selection, Plaintiff's counsel filed a revised witness list, adding for the first time that he intended to call the Plaintiff's sister, Elizabeth Puglisi, as a witness at trial. Plaintiff's counsel indicated that Puglisi is expected to testify as a witness to the Plaintiff's arrest and is expected to testify that the Defendants threatened the Plaintiff during the arrest.

Pursuant to the court's original pretrial order, the parties' trial memoranda were due on or before March 14, 2005. Although that date was subsequently extended to August 22, 2005, the Plaintiff filed his Pre-Trial Memorandum on March 14, 2005 and **never filed a substitute or amended memorandum**. No where in the Pre-Trial

2

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361         FACSIMILE (860) 525-4849                JURIS No. 24029

Memorandum does the Plaintiff indicate that he expects to call Puglisi as a witness at trial. See, Plaintiff's Pre-Trial Memorandum, dated March 14, 2005. By way of discovery, the Plaintiff has never disclosed that Puglisi was a witness to the events which are the subject matter of this Complaint or that she had any information regarding said events.

The Defendants now move to preclude the testimony of Elizabeth Puglisi.

## II. LAW AND ARGUMENT

### A. Standard of Review

"Sanctions for violation of a pretrial order are made upon motion or the judge's own initiative pursuant to FED. R. CIV. P. 16 (f)." Szarmach v. Sikorsky Aircraft, United States District Court, District of Connecticut, Docket No. Civ.3:01Cv699(PCD) (April 15, 2002, Dorsey, J.). "If a party or party's attorney fails to obey a scheduling order or pretrial order, the judge . . . may make such orders with regard thereto as are just." Fed. R. Civ. P. 16 (f). "Rule 16 (f) incorporates the sanctions available under FED. R. CIV. P. 37. . . . Thus, a party failing to produce documents which are the subject of a discovery order may be precluded from presenting the same at trial. Smith v. Rowe, 761 F.2d 360, 366 (7th Cir.1985); Rabb v. Amatex Corp., 769 F.2d 996 (4th Cir.1985). Although preclusion is 'strong medicine,' it is necessary under the appropriate circumstances to ensure compliance with the rules of discovery. Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir.1991)." Szarmach, supra. "Modern

3

instruments of discovery serve a useful purpose . . . together with pretrial procedures [to] make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." <u>United States v. Procter & Gamble</u>, 356 U.S. 677, 683, 78 S.Ct. 983, 987, 2 L.Ed.2d 1077 (1958).

### B. The court should preclude the testimony of Elizabeth Puglisi because the Plaintiff violated the court's trial preparation order

The Defendants submit that the court should preclude the testimony of Elizabeth Puglisi because the Plaintiff violated the court's trial preparation order and did not properly disclose her as a witness. In <u>Szarmach</u>, pursuant to Federal Rule 16 (f), Judge Dorsey granted the defendants' motion to preclude witnesses. There, the plaintiff failed to disclose the witnesses in her trial memorandum and did not disclose the witnesses until two (2) months after the discovery deadline lapsed and days before trial was to begin. <u>Szarmach</u>, supra. In granting the motion to preclude, Judge Dorsey stated: "The relevant question is whether plaintiff has violated the trial preparation order. Under the circumstances, the inescapable conclusion is that plaintiff has violated the order." <u>Id.</u>

In the present matter, plaintiff filed his Trial Memorandum on March 14, 2005. No amendment thereto was ever filed. As part of the court's order, the parties were required to list all the witnesses that would be called at trial and the subject matter on which each witness would testify. The Plaintiff did not include Puglisi as a witness who

4

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361                FACSIMILE (860) 525-4849                JURIS No. 24029

would testify at trial in the Pre-Trial Report. The Plaintiff now discloses Puglisi as a witness to the events in question on the day trial was scheduled to start.

The Defendants submit that the Plaintiff failed to properly and timely disclose Puglisi as a witness. The Plaintiff's untimely disclosure, months after the deadline for filing the trial memoranda and the day trial is scheduled to begin, violates the court's order for disclosure of all witnesses in the parties' trial memoranda. As such, it would be unjust for the court to permit the Plaintiff to offer the testimony of Puglisi at trial. Moreover, as Puglisi indicates that she was not a witness to any events outside the presence of her mother, Mrs. Paszkowski (a timely disclosed witness), her testimony would be unnecessarily duplicative. Its exclusion, therefore, would work no prejudice to plaintiff. Defendants respectfully submit that, due to the extreme violation of the pretrial order, Defendants' costs associated with filing the instant motion, as well as the costs of deposing Ms. Puglisi, on an emergency basis, on December 12, 2005.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361            FACSIMILE (860) 525-4849            JURIS No. 24029

III. **CONCLUSION**

Based on the foregoing reasons, the Defendants the Defendants William Kesbarian, Ryan O'Connel and Edward Dobbins, respectfully request that the court grant their Motion to Preclude Testimony of Elizabeth Puglisi.

DEFENDANTS:

By: _____
Michael C. Conroy
**Gordon, Muir and Foley, LLP**
10 Columbus Boulevard
Hartford, CT 06106
(860) 525-5361
Federal Bar No. CT22254

# CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the following counsel of record on December 13, 2005

Richard C. Marquette
Marquette Law Partners LLP
60 Washington Avenue, #302
Hamden, CT 06518
**FAX: 203/288.0283**

Michael C. Conroy

**ORDER**

The foregoing Motion having been heard this ____ day of _____, 2005, it is hereby ordered

**GRANTED / DENIED**

BY THE COURT

_____
Judge/Clerk

::ODMA\PCDOCS\DOCS\408047\1