UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 DEC 21  P 3:42
U.S. DISTRICT COURT
BRIDGEPORT CONN

| | |
|---|---|
| RAYMOND PASZKOWSKI,<br>      Plaintiff<br>v.<br><br>WILLIAM KASBARIAN,<br>RYAN O'CONNELL and EDWARD DOBBINS,<br>      Defendants | 3:03cv00717 (WWE)<br><br><br><br><br><br>December 14, 2005 |

## SUBSTANTIVE JURY INSTRUCTIONS

### GENERAL INTRODUCTORY REMARKS

In this case, plaintiff claims that the defendants, William Kasbarian, Ryan O'Connell and Edward Dobbins, deprived him of rights secured to him by the Constitution of the United States. Specifically, this suit is brought under a section of federal law known as the Civil Rights Act, Title 42, United States Code, Section 1983, which provides that:

> Every person who, under color of any statute . . . of any State ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured ...

### ESSENTIAL ELEMENTS

The plaintiff has the burden to establish by a preponderance of the evidence each essential element of his claim. In this suit, he must prove that the defendants: (1) acted under color of state law; (2) that the defendants' acts and conduct deprived the

1

plaintiff of certain rights secured to him by the Constitution of the United States; and (3) that any damages were proximately caused by such acts or conduct.

**COLOR OF STATE LAW**

In this case, there is no dispute that the defendants were acting in their capacities as officers of the Shelton Police Department. Therefore, the defendants in this case were acting as "state actors," meaning that their actions occurred under the color of state law. "Acting under the color of state law" means "under pretense of law," and simply means acting in one's capacity as, in this case, a police officer. In this case, both parties have stipulated that the defendants acted under the color of state law, so you need not concern yourself with that issue.

**DENIAL OF CONSTITUTIONAL RIGHTS**

The first element of the plaintiff's claim is that he was deprived of a federal right by virtue of the defendants' acts or conduct. In order for the plaintiff to establish this element, he must show three things by a preponderance of the evidence: (1) that at least one of the defendants committed the acts alleged by the plaintiff; (2) that the act or those acts caused the plaintiff to suffer the loss of a federal right; and (3) that in performing the acts alleged, the defendant or defendants acted

intentionally, recklessly or with deliberate indifference to the plaintiff's rights.

You must decide whether the defendants, or any of them, denied the plaintiff a right or rights secured to him by the Constitution of the United States. In this case, plaintiff Raymond Paszkowski claims that defendants William Kasbarian, Ryan O'Connell and Edward Dobbins violated his rights under the Fourth Amendment of the United States Constitution, by exerting unreasonable force during the course of an arrest. The Fourth Amendment provides:

> The rights of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

In this case, the plaintiff claims that during the course of his arrest (which arrest he does not dispute was lawful), the defendants exerted excessive force against him in order to make the arrest. He claims that he suffered a broken hip and other serious physical injuries as a result of this alleged force. The defendants contend that the plaintiff resisted arrest and that any injury he suffered was the result of a fall.

During your deliberations, you have to be concerned with the interests of the plaintiff and the defendants, both of which are important and which from time to time come into conflict. On the

one hand, there are the interests of the plaintiff in enjoying his constitutional rights. On the other hand, there are the interests of the defendant police officers in properly performing their duties. There are standards for you to apply by which the law tries to accommodate the interests of the plaintiff and the law enforcement officers.

## **EXCESSIVE FORCE**

Every person has the constitutional right not to be subjected to unreasonable or excessive force by a law enforcement officer. On the other hand, in apprehending a suspect and making an arrest, an officer has the right to use such force as a reasonable officer would believe is necessary under the circumstances to apprehend the suspect and make the arrest. Whether or not the force used was necessary, unreasonable or excessively violent is an issue for you to decide on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied under the same circumstances disclosed in this case. The test of reasonableness requires careful attention to the facts and circumstances including, but not limited to, the severity of the crime the officer was investigating or crime for which the arrest was made; whether plaintiff posed an immediate threat to the safety of the officer or others; whether he was actively resisting the arrest

or fleeing; and the severity of any injury to him.

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the standard of reasonableness at that moment applies. Not every push or shove, even if it may later seem unnecessary, violates the Constitution. The determination of reasonableness must allow for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain and rapidly evolving - about the amount of force that is necessary in a particular situation.

The "reasonableness" inquiry is an objective one. The question is whether an officer's actions are "objectively reasonable" in light of all the facts and circumstances confronting him, without regard to his underlying intent or motivation. Evil intentions will not make a constitutional violation out of an objectively reasonable use of force; and good intentions will not make an unreasonable use of force proper.

**NECESSARY STATE OF MIND**

In order to prove his claim of unconstitutionally excessive force, plaintiff must prove by a preponderance of the evidence that any or all of the defendants acted recklessly, intentionally

or with deliberate indifference to the plaintiff's rights. It is not necessary to find that the defendants had any specific purpose or desire to deprive plaintiff of his constitutional rights in order to find in favor of the plaintiff. Mere negligence, however, is not sufficient. If you find that the acts of any or all of the defendants were merely negligent, then even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.

**INTENTIONAL**

An act is intentional if it is done knowingly; that is, if it was done voluntarily and deliberately and not because of accident, mistake, negligence or other innocent reason.

**RECKLESSNESS**

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether a defendant acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**DELIBERATE INDIFFERENCE**

"Deliberate indifference" to the rights of others is the conscious disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence, which is an ordinary lack of due care.

**AFFIRMATIVE DUTY**

Up to now I have told you that for a defendant to be liable for a civil rights violation, you must find that such defendant actually committed the act constituting a violation of civil rights. Merely being on the premises when somebody else committed such an act is not enough to make a defendant police officer liable. However, an officer who is present at the scene of a civil rights violation and who, having a realistic opportunity to do so, fails to take reasonable steps to protect a victim of a civil rights violation committed by another police officer can be liable for that civil rights violation for his or her failure to act, provided he or she had actual knowledge of the civil rights violation and, considering all of the circumstances, had a realistic opportunity to prevent the other officer from violating the civil rights of the plaintiff.

**PROXIMATE CAUSE**

In order for the plaintiff to prevail on his claim, there must be a showing by a preponderance of the evidence that the conduct complained of by the plaintiff was a proximate cause of any injury or harm to the plaintiff. Proximate cause as we use the phrase in the law means that cause or act which, as a natural sequence, produces the harm and without which the harm would not have occurred. In other words, the conduct you are considering must be a substantial factor in producing the harm.

This does not mean, however, that the law recognizes only one proximate cause of injury or harm. On the contrary, many factors or things, or the conduct of more than one person may operate at the same time, either independently or together, to cause injury or harm. In such a case, each may be a proximate cause of the injury or harm.

**DAMAGES**

Now, if you have found that Mr. Paszkowski has proved his claim by a preponderance of the evidence, then you may consider what damages, if any, are due to him. The fact that I give you instructions on damages should not be taken as an indication that I think that damages should be, or should not be, awarded. That is a determination which is left entirely to you. I am instructing you on principles governing damages awards so that,

in the event you should find the defendant or defendants liable, you will know on what basis to consider any award of damages.

**COMPENSATORY DAMAGES**

Compensatory damages represent the sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. Compensatory damages are those damages which would make a party whole, and can include past as well as future damages. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a party.

Compensation may be awarded for emotional harm to the injured party during and after the events complained of, including emotional distress or pain, humiliation, embarrassment, fear, anxiety and/or anguish that you find the injured party has suffered and that you find was caused by the conduct of the offending party.

An award of damages is designed to place the injured party, so far as it can be done by money, in the same position he would have been in had there been no unlawful conduct. The injured party may recover for those losses which he has proved by a preponderance of the evidence were the direct or natural result of the offending party's conduct. An injured party is entitled to those damages which the offending party should have realized

might result from that party's conduct.

If you find that the defendants used excessive force against the plaintiff, and thereby caused injuries to him, you will assess an amount you find to be justified by a preponderance of the evidence as fair, just and reasonable compensation for all plaintiff's injuries caused by that conduct. You may award only such damages as you find by a preponderance of the evidence were caused by unconstitutionally excessive force as I have defined it.

You may not guess or speculate as to the proper amount of the award of damages, but absolute certainty is not required. Reasonable certainty is the test. You must be able, in view of the evidence which is offered, to arrive with a reasonable degree of certainty at some conclusion as to what the injured party lost. Applying these principles to the fact situation before you, should you conclude that any offending party is liable, then you must determine an amount that is fair compensation to the injured party.

In fixing the amount of damages that will reasonably and fairly compensate Mr. Paszkowski, you are to consider that a person who is injured must exercise ordinary care to minimize damages, if any. The injured party may not recover for losses which could have been prevented by reasonable efforts on his part.

**NOMINAL DAMAGES**

If you find for the plaintiff on the alleged constitutional violation, but you find that the plaintiff has failed to prove actual injuries, you shall return an award of nominal damages not to exceed one dollar. The mere fact that a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual harm flows from the deprivation.

**PUNITIVE DAMAGES**

If you have awarded compensatory or nominal damages to the plaintiff, then you may also decide whether any punitive damages should be assessed against the defendant or defendants you have found liable. In this case, you may consider whether acts or omissions from one or more defendants, if you find them to have been proved, were so serious that the defendants should pay a penalty so that in the future, they or others will be deterred from engaging in the same conduct. Whether you decide to assess any punitive damages should be based on whether you find that the defendants or one of them engaged in the following things:

    a.   willful or malicious violations of the plaintiff's Constitutional rights;

    b.   an intentional act by the defendants in gross disregard

    of the plaintiff's rights; or

 c. reckless or wanton disregard by the defendants as to whether they were violating the plaintiff's rights.

If you find any one of these three things to have been proven then you are free to assess punitive damages.

You must also bear in mind that the law requires that punitive damages, if assessed, must be fixed with calm discretion and sound reason. They must never be assessed, or fixed in amount, because of bias, sympathy or prejudice with respect to any party in the case.

**SPECIAL VERDICT FORM (INTERROGATORIES)**

Let me explain the procedure you will be following in connection with your decision making in this case. You are going to be asked to answer several questions that concern the issues in this case. A set of those questions will be distributed to each of you when you retire to begin deliberations. Fill out only the set with room for the foreperson's signature and return it to the court.

Many questions you will be asked to answer can be answered yes or no. Several of the questions need be answered only if a certain answer or answers have been given to a previous question or questions. You should not answer any question one way to avoid answering a later question, but it may turn out that you do not

have to answer every question.  Each question that you answer should be given individual consideration.

Do not assume from the wording of any question or from the fact that a question is asked that there is any particular answer that you are supposed to give. Your answers should be given solely on the basis of your assessment of the evidence and the application of these instructions of law.

### **CONCLUSION**

You may now retire to the jury room. Elect one of your members as foreperson.  The foreperson is in no way more important in your deliberations.  His or her function is to pass any requests for clarification of these instructions or something of that nature on to me, and to announce your verdict.

If you do have such requests, please give them to the Marshal, in writing, and he or she will bring them to me.  Be careful to give us no indication of the status of your deliberations when you make such requests; we are not permitted to know anything about how fast or slow you are proceeding, or whether you are divided in your positions, or any other information about what is taking place in the jury room.

As you proceed to your deliberations in the jury room, determine the facts on the basis of the evidence as you have heard it, and apply the law as I have outlined it to you.  Render

your verdicts fairly, uprightly, and without a scintilla of prejudice.

Although all jurors must agree before a verdict can be rendered, it is nevertheless the duty of each of you to discuss and consider the evidence and the opinions of the other jurors. If, in the course of your deliberations, you become convinced that the views you held are erroneous, do not hesitate to reexamine those views and change your opinion. Ultimately, however, you must decide the case for yourself. Do not surrender your beliefs as to the proper weight of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict.